UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND DAVIS,<br><br>    Defendant. | Case No. 3:22-cv-00056-WHO<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. Nos. 10, 13 |

Plaintiff Lakshmi Arunachalam, who is pro se and proceeding in forma pauperis, objects to the report and recommendation of Magistrate Judge Laurel Beeler, which recommended dismissal of this case. *See* Report and Recommendation ("R&R") [Dkt. No. 10]; Objection to R&R [Dkt. No. 11]. Because Arunachalam is proceeding in forma pauperis, Judge Beeler screened and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Arunachalam's objections are OVERRULED and this case is DISMISSED.[1]

Defendant Leland Davis is a judge on the California Superior Court who Arunachalam has sued because, as Judge Beeler put it, "he did not rule her way. She contends that he 'terrorized' her, declared her a vexatious litigant, and issued adverse rulings." R&R (citing Complaint ("Compl.") [Dkt No. 1] ¶¶ 11, 14, 16, 18). The "terrorizing," the Complaint claims, is that Davis yelled at Arunachalam from the bench during a hearing.

Davis is absolutely immune from damages liability under 42 U.S.C. § 1983 for the acts in the Complaint because all were taken in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Even if, as Arunachalam alleges, Davis's actions were done in bad faith or with malice,

---

[1] The motion to issue a summons (Dkt. No. 13) is DENIED AS MOOT.

judicial immunity "is not overcome." *Id.* Arunachalam cites many cases imposing liability on government officials, but most are irrelevant to the question of judicial immunity. Liberally construing her filings, she appears to invoke the exception to the immunity doctrine for judicial actions "taken in the complete absence of all jurisdiction." *Id.* at 12. But what she alleges in the Complaint is that she filed a state-court case that was adjudicated by the state superior court; even if Arunachalam believes that certain acts went beyond the bounds of appropriate judicial behavior or were contrary to law, that does not mean that the state court "lacked all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). And while Arunachalam repeatedly states that Davis failed to produce a copy of his oath of office, that (even if true) also did not mean he was acting outside of his jurisdiction.

The Complaint says that it brings a claim under the Clayton Act, an antitrust law that, as a general matter, regulates behavior like price discrimination, specific anti-competitive practices, stock acquisitions, and mergers. *See* 15 U.S.C. §§ 12–27. None of the allegations in the Complaint arguably constitutes a cognizable antitrust violation, nor do they truly purport to; all are about one judge's actions in one state-court case. Dismissal of the claim is therefore also proper. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (explaining that 28 U.S.C. § 1915 permits dismissal of claims "based on an indisputably meritless legal theory").

Liberally construed, the Complaint also alleges numerous state-law violations. *See* Compl. at 28–29. Because the federal claims must be dismissed, I decline supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3).

Judge Beeler found that, in the alternative, this case should be dismissed under the *Rooker-Feldman* doctrine. I agree. Under that doctrine, "federal district courts lack jurisdiction to hear direct or 'de facto' appeals from the judgments of state courts." *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018). Even though the claims here are framed as civil rights, antitrust, and miscellaneous state-law claims, they all seek to punish a state court judge for his judicial acts and declare those acts wrongful. Accordingly, even if the claims were not dismissed on the bases above, they would need to be dismissed on this one.

1   This case is DISMISSED without leave to amend.  Judgment will be entered accordingly.

2   **IT IS SO ORDERED.**

3   Dated: February 15, 2022



William H. Orrick
United States District Judge